[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10142
Non-Argument Calendar

_____

D.C. Docket No. 5:13-cr-00037-RS-1


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

RICHARD HENRI VISSERS,

                                                            Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 14, 2015)

Before MARCUS, MARTIN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Richard Henri Vissers appeals his total 42-month sentence, imposed after he

pleaded guilty to two counts of making a false statement in a United States

passport application, in violation of 18 U.S.C. § 1542, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.  On appeal, Vissers argues that the district court erred in applying a four-level enhancement under U.S.S.G. § 2L2.2(b)(3)(A) for fraudulent use of a United States passport.  After careful review, we affirm.

We review a district court's interpretation of the Sentencing Guidelines de novo.  United States v. Maxwell, 579 F.3d 1282, 1305 (11th Cir. 2009).  We review for clear error the district court's application of the relevant conduct guideline in U.S.S.G. § 1B1.3 to the facts of a case.  United States v. Valladares, 544 F.3d 1257, 1267 (11th Cir. 2008).  Review for clear error is deferential, and we will not disturb the district court's finding unless left with a definite and firm conviction that a mistake was made.  United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010).  If a defendant fails to object to an alleged violation of the Federal Rules of Criminal Procedure at sentencing, we review only for plain error.  See United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007).  To show plain error, a defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  Further, we "may decline to address an

2

argument where a party fails to provide arguments on the merits of an issue" in his appeal brief.  United States v. Gupta, 463 F.3d 1182, 1195 (11th Cir. 2006).

Where a defendant is convicted for making a false statement in an application for a United States passport, a four-level sentencing enhancement may apply where "the defendant fraudulently obtained or used . . . a United States passport."  U.S.S.G. § 2L2.2(b)(3)(A).  In determining whether this enhancement applies, the district court may consider relevant conduct.  U.S.S.G. §§ 1B1.2(b), 1B1.3.  Relevant conduct is defined as "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."  § 1B1.3(a)(1)(A).

Rule 32 of the Federal Rules of Criminal Procedure requires a district court to rule on "any disputed portion of the presentence report or other controverted matter," or to "determine that a ruling is unnecessary."  Fed. R. Crim. P. 32(i)(3)(B).  However, we've previously held that "a sentencing court's failure to make individualized findings regarding the scope of the defendant's activity is not grounds for vacating a sentence if the record support[s] the court's determination with respect to the offense conduct."  United States v. Daniels, 685 F.3d 1237, 1253 (11th Cir. 2012) (quotation omitted).  We've also rejected the argument that a district court failed to make explicit findings of fact where the court "did not depart

3

from the guidelines range and clearly resolved all disputed factual issues in favor of the [presentence investigation report (PSI)]." Id. (quotation omitted).

In this case, the district court did not clearly err in applying a four-level sentencing enhancement under U.S.S.G. § 2L2.2(b)(3)(A) for Vissers's fraudulent use of a United States passport. For starters, the record supports the finding that Vissers used L.W.C.'s passport to avoid detection for his charged offenses, which involve Vissers's use of G.S.S.'s information without authority. According to the PSI, Vissers obtained L.W.C.'s passport after the two victims, L.W.C. and G.S.S., responded to Vissers's posts on Craigslist about job opportunities. When each victim met with Vissers, they brought their identification documents. Vissers made copies of G.S.S.'s birth certificate and social security card, and later used this information to apply for a United States passport. Vissers also took L.W.C.'s passport, claiming he needed it as part of L.W.C.'s application because the job required travel. On August 20, 2013, Vissers was indicted by a federal grand jury in the Northern District of Florida for making a false statement in a United States passport application and for aggravated identity theft, based on his use of G.S.S.'s information. On August 29, 2013, Vissers was detained in Mexico after he produced L.W.C.'s passport and identified himself as L.W.C. to the authorities.

In the PSI Addendum, the probation officer noted that it was reasonable to conclude that Vissers presented L.W.C.'s passport in Mexico to evade detection by

4

law enforcement.  After hearing testimony from both the government and defense, the court explicitly adopted the findings of the PSI.  We can discern no clear error in finding that Vissers used L.W.C.'s passport to avoid detection by law enforcement for the offenses based on his use of G.S.S.'s information.  Moreover, because relevant conduct under § 1B1.3(a)(1) is defined as conduct that occurs "in the course of attempting to avoid detection" for the charged offense, Vissers's use of L.W.C.'s passport constituted relevant conduct for the charged offense.

As for his claim -- raised for the first time on appeal -- that the district court plainly erred in resolving the factual dispute about whether Vissers actually fraudulently used L.W.C.'s passport, we are unpersuaded.  For starters, the district court explicitly adopted the factual findings of the PSI after hearing testimony on the disputed issue.  Because the district court resolved this disputed issue in favor of the PSI, it made sufficient findings of fact.  See Daniels, 685 F.3d at 1253.  Moreover, the record reveals that an agent with the U.S. State Department testified that Mexican immigration officials informed the State Department that the defendant had presented the L.W.C. passport to Mexican immigration officials.  There is no error, much less plain error, in the district court's finding of those facts, or that Vissers "used" the passport.  Accordingly, the court did not clearly err in applying the enhancement under § 2L2.2(b)(3)(A) to Vissers's sentence.

**AFFIRMED**.

5